Carol A. Sobel, SBN 84484
LAW OFFICE OF CAROL A. SOBEL
3110 Main St., Ste. 210
Santa Monica, CA 90405
T: (310) 393-3055
E. carolsobel@aol.com

Paul L. Hoffman, SBN 71244
Catherine Sweetser, SBN 271142
SCHONBRUN, SEPLOW, HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
(t)  310 396-0731; (f)  310 399-7040
(e)  hoffpaul@aol.com
(e)  catherine.sdshh@gmail.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| SHAWN NEE, | Case No.: 16-CV-05003 DMG JPR |
| Plaintiff, | |
| vs. | **JOINT RULE 26 REPORT** |
| CITY OF LOS ANGELES, et al., | Date: December 9, 2016 |
| Defendants. | Time: 11:00 a.m. |
| | Ctrm: 8C |
| | Action Filed: July 7, 2016 |

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Central District Local Rules, Rule 26-1, and the Standing Order of the Court, the parties to this action submit the following Joint Rule 26 Report:

## I. STATEMENT OF THE CASE

Plaintiff Nee alleges two incidents in this case. The first occurred on July 5, 2015. Plaintiff alleges that his First and Fourteenth Amendment Rights were violated when he was blocked from videotaping police activity occuring in the street and assaulted by defendant Pearson, who grabbed Nee's camera to prevent him from videotaping. At the time of this incident, Mr. Nee was on a public sidewalk and separated from the police activity by cars parked adjacent to the sidewalk. Defendant Officer Jaye crossed the street to come within inches of Plaintiff in what Plaintiff views as an attempt to intimidate him to stop videotaping. Officer Jaye continually moved so that he stood in front of Mr. Nee's camera wherever it was pointed, using his body to block Mr. Nee from being able to take photos of the police activity on the street. Officer Pearson then moved to the sidewalk where Plaintiff was standing and shined a light directly at Mr. Nee's iPhone to prevent him from filming and then forcefully grabbed the iPhone out of Plaintiff's hands. At all times, the sidewalk on which Mr. Nee was standing to film was open to the public, who freely moved along it, and the police had not put up any tape to mark off a crime investigation area.

The second incident occurred on November 10, 2015, when Mr. Nee again observed the police conducting a stop in the street. At all times, Plaintiff was on the public sidewalk and separated by a row of parked cars. The sidewalk was open to and traversed by members of the public. When Defendant Pearson observed Mr. Nee, he immediately came over to him, shined a light in the camera, ordered Plaintiff to move down the sidewalk, and then immediately grabbed Plaintiff's iPhone and

shut it off.

Plaintiff has alleged four claims for relief based on violations of his federal and state Constitution First Amendment right to record police activity in public places, retaliation for the exercise of his First Amendment rights, Fourth Amendment right to be free of unlawful seizure and violation of California Civil Code §52.1 for the interference with the exercise of his constitutional rights through force and intimidation. He has also alleged a *Monell* violation based on these incidents and prior events in which he was deterred from filming police activity in public places, detained and arrested by the LAPD. *Gagan and Nee v. City of Los Angeles*, 13-cv-08088 DSF (C.D. Cal. 2015).

Defendants have denied the claims and asserted nine affirmative defenses, including self-defense, defense of others, failure to exhaust administrative remedies, qualified immunity, witness immunity, failure to state a claim for relief, various immunities from punitive damages, and state law immunities pursuant to California Government Code §§ 815.2, 818, 818.8, 829.2, 821.6, 822.2, and 845 as well as Penal Code §§ 836.5 and 847.

## II. Initial Disclosures, Discovery and Proposed Discovery Cut-Off Date

The parties have identified potential witnesses in their Rule 26 Report. They anticipate that they will make their full initial Rule 26 disclosures no later than December 2, 2016.

Both parties plan to serve Interrogatories and Request for Production of Documents on the opposing parties.

The proposed discovery cut-off date is July 10, 2017. The time for disclosure of experts is August 14, 2017.

The parties do not believe that they will be within the allowable number of depositions set by the FRCivP. Both parties anticipate deposing the named parties

in the case. Plaintiff is unaware of any witness to these incidents other than members of the LAPD. In addition, Plaintiff anticipates deposing PMKs in the Los Angeles Police Department involved in the development and implementation of the LAPD policy and training, if any, with respect to videotaping of officers in public places. At the present time, the parties are not aware of any witness testimony to be presented at trial by deposition; however, they reserve the right to amend their disclosures at a later date with respect to this issue in FRCivP 26(b)(3)(A)(ii).

To establish his *Monell* violation, Plaintiff intends to assert the evidence from Plaintiff's prior action against the City, which was settled in 2015.

**A. Parties, Percipient Witnesses and Key Documents**

1. Plaintiff Shawn Nee
2. Sgt. Ljubetic
3. Officer Jaye
4. Officer Pearson

**B. The Following Key Documents Have Been Identified:**

1. Citizen complaint filed by Plaintiff Arrest report for William
2. Videotape of July 5, 2015 incident
3. Videotape of November 10, 2015 incident
4. Reports filed by defendant officers related to these two incidents
5. Report regarding the detention/arrest of Plaintiff in his prior lawsuit
6. Videos and other demonstrative evidence related to the incident in Plaintiff's prior lawsuit.

**C. Damages**

Plaintiff's damages are for pain and suffering and, at a minimum,

presumed damages for the loss of constitutional rights. Plaintiff is also entitled to statutory damages for each incident of a violation of California Civil Code §52.1, including treble damages against the individual defendants based on proof.

**D.     Insurance**

There is no insurance policy at issue as the City of Los Angeles is a self-insured municipal corporation.

**E.     Motions**

Plaintiffs may move to amend the Complaint, depending upon facts developed through discovery.

Both Plaintiff and Defendants anticipate dispositive motions in this matter. There may also be a motion for a protective order, although the parties believe at present that they will able to agree on a proposed protective order to be submitted to the Court, if one is necessary.

Defendants anticipate a possible motion for qualified immunity and a motion to bifurcate liability and damages, or, possibly, to trifurcate Monell liability, general liability and damages.

**F.     Settlement**

To date, no settlement discussions have occurred. In the prior case brought by Mr. Nee, the court's services were used with Gail Killefer facilitating the discussions. The parties recommend the same settlement procedure in this matter.

**G.     Length of Trial and Trial Dates**

The trial will be to a jury and is expected to take a maximum of 3 days,

including jury selection and opening and closing statements. The proposed trial date is Tuesday, November 7, 2017. The final pre-trial conference date would then be October 9, 2017.

**H.     Other Issues**

Unavailability of defense counsel and defendants: The City Attorney and one of the individual officers is scheduled to be on vacation through most of July. The officer's vacation is scheduled for July 9 - 22. The City Attorney's is scheduled for the first two weeks of April, 2017, and the last two weeks of July. In addition, the City Attorney assigned to this matter concurrently has trials scheduled on 2/28/17, 3/13/17, 5/30/17 and 8/7/17.

At present, the parties know of no other issues affecting the status or management of the case.

**I.     Case Management Schedule**

Attached is a proposed Schedule as Exhibit A to the Joint Rule 26 Report.

DATED: November 23, 2016          Respectfully submitted,

                                  SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP
                                  LAW OFFICE OF CAROL A. SOBEL

                                  By:  /s/ Carol A. Sobel
                                  CAROL A. SOBEL
                                  Attorneys for Plaintiff


DATED: November 23, 2016          MICHAEL N. FEUER, City Attorney
                                  SUREKHA A. PESSIS, Dep. City Attorney

                                  By:  /s/ Sureka A. Pessis
                                  Surekha A. Pessis
                                  Attorneys for Defendants